UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICHARD CARROLL and LUCILLE CARROLL, : <br>     Plaintiffs, : <br> : <br> v. : <br> : <br> BUFFALO PUMPS, INC.; FOSTER : <br> WHEELER, LLC (survivor to a merger : <br> with Foster Wheeler Corp.); GENERAL : <br> ELECTRIC CO.; VIAD CORP., f/k/a The : <br> Dial Corp., individually and as : <br> successor-in-interest to Griscom Russell Co., : <br>     Defendants. : | 3:08-cv-707 (WWE) |

## MEMORANDUM OF DECISION ON MOTION TO REMAND

Plaintiffs filed this action in Connecticut Superior Court. Defendant Viad Corp. subsequently removed it to this Court on the basis of a federal officer defense pursuant to 28 U.S.C. § 1442(a)(1). Now pending before the Court is plaintiffs' motion to remand this proceeding to state court (Doc. #29).

## BACKGROUND

On April 1, 2008, plaintiffs filed suit against defendants alleging that plaintiff Richard Carroll was exposed to asbestos-containing products while he was in the United States Navy working as a shipfitter from 1945 to 1949 and as a maintenance mechanic from 1950 to 1979. Plaintiffs contend that Mr. Carroll developed asbestos-related mesothelioma and other asbestos-related diseases because of this exposure. Plaintiffs further allege that defendants produced and delivered the relevant materials and supplies containing asbestos. Relevant to the instant motion, plaintiffs have asserted claims for failure to warn as to Mr. Carroll, loss of consortium as to Mrs. Carroll

1

and gross negligence as to both plaintiffs. In their complaint, plaintiffs expressly disclaim any federal causes of action and any basis for federal jurisdiction over this action.

Defendants state that they received service of the complaint on April 9, 2009. Defendant Viad filed a timely notice of removal on May 8, 2008, in which defendants General Electric Co. and Buffalo Pumps, Inc. later joined. They premised the removal on their argument that, during the relevant time frame, they were acting pursuant to United States Navy instructions and specifications concerning the asbestos-containing products. Therefore, the Court should maintain jurisdiction pursuant to the federal officer defense codified at 28 U.S.C. § 1442.

## DISCUSSION

A party may remove a case from state court to federal court only if the action is one over which the federal court has jurisdiction. 28 U.S.C. § 1441(a). In order to demonstrate that removal is proper, the movant bears the burden of showing the existence of federal jurisdiction. Actions brought against federal officers in state court may be removed if the defense depends on federal law. Jefferson County v. Acker, 527 U.S. 423, 431 (1999). Further, under 29 U.S.C. § 1442(a)(1), a person acting under the authority of an officer of the United States may remove a case filed in state court. The right to removal is absolute for any act brought "under color" of the federal officer. See Willingham v. Morgan, 395 U.S. 402, 406 (1969).

To remove on the basis of the federal officer defense, defendants must (1) establish that they are "persons" under the law who acted under the authority of a federal officer; (2) show that they performed the actions for which they are being sued

2

under color of federal office; and (3) raise a colorable federal defense. Isaacson v. Dow Chem. Co., 517 F.3d 129, 134 (2d Cir. 2008); see also Jefferson County, 527 U.S. at 431.[1] The federal officer removal statute is construed broadly and "should not be frustrated by a narrow, grudging interpretation." Arizona v. Manypenny, 451 U.S. 232, 242 (1981). Defendants need not show that they will prevail in federal court but only that section 1442(a)(1) is applicable to the instant matter. Willingham, 395 U.S. at 407.

In support of federal jurisdiction, General Electric relies upon the affidavits of David Hobson, retired Navy Admiral Ben J. Lehman and retired Navy Captain Lawrence Betts. Hobson is the former Manager of Navy Customer Service for General Electric's Navy and Small Turbine Department. He averred that the Navy would not have permitted an individual supplier or manufacturer to substitute or add warnings that were not approved or requested by the Navy. Lehman worked in naval architecture and marine engineering between 1942 and 1954. Lehman stated that military contractors were not permitted to deviate from the Navy's specifications for materials or equipment. Such deviation, he averred, would likely result in the rejection of the equipment as well

---

[1] The Court has previously ruled on motions similar to the instant one. In three cases – Viscosi v. American Optical Corp., 2008 U.S. Dist. LEXIS 74875 (D. Conn. Sept. 29, 2008); Pantalone v. Aurora Pump Co., 2008 U.S. Dist. LEXIS 70784 (D. Conn. Sept. 18, 2008); and Fortier v. AMPCO-Pittsburgh Corp., 2007 U.S. Dist. LEXIS 16108 (D. Conn. Mar. 5, 2007) – the Court granted the motions to remand. In Viscosi and Pantalone, the Court ruled that the removals from state court were untimely. In Fortier, the Court found that the evidence did not support the view that the Navy's regulations were sufficiently specific; defendants contend that they have submitted additional evidence to the Court that would support the retention of jurisdiction. In the other cases before the Court – Despres v. Ampco-Pittsburgh Corp., 2008 U.S. Dist. LEXIS 72498 (D. Conn. Sept. 22, 2008), Contois v. Able Indus. Inc., 523 F. Supp. 2d 155 (D. Conn. 2007); Machnik v. Buffalo Pumps, Inc., 506 F. Supp. 2d 99 (D. Conn. 2007) – the Court denied the motions to remand.

as significant problems for the Navy. Betts' affidavit noted the problems to the Navy if individual manufacturers determined what warnings to provide.

Buffalo Pumps attached to the notice of removal the affidavits of retired Rear Admiral Roger Horne, Jr., retired Rear Admiral David P. Sargent, Martin Kraft, Buffalo Pumps' production manager, and Dr. Samuel Forman, a specialist in preventative and occupational medicine, former United States doctor, and expert in asbestos-related diseases. Kraft and Admirals Horne and Sargent stated that the Navy provided detailed specifications to Buffalo Pumps with regard to applicable and necessary warnings for the equipment and had provided examples of such instructions. Forman averred that the Navy was well educated in the uses and dangers of asbestos during the relevant time period.

Viad, in the notice of removal, provided declarations of Admiral Lehman and Dr. Charles Cushing, a naval architect and marine engineer. Lehman and Cushing noted the specifications provided by the Navy to Griscom-Russell, Viad's predecessor-in-interest, and the complete control that the Navy exercised over the entire process.

Plaintiffs' attempts to disclaim federal jurisdiction must fail because federal officer jurisdiction is based on the defendants' defenses, not the plaintiffs' claims. Therefore, insofar as plaintiffs seek damages for injuries incurred while Mr. Carroll was working for a Navy contractor, plaintiffs cannot disclaim federal jurisdiction. Defendants are eligible, as a matter of law, to assert a federal officer defense that would grant federal jurisdiction.

It is undisputed that defendants are "persons" under the law. In re Methyl Tertiary Butyl Ether Prods. Liab. Litig., 488 F.3d 112, 124 (2d Cir. 2007).

4

The second prong of the Jefferson County standard is a causation requirement. It requires that the defendants demonstrate that the actions were performed because of government requests. See Isaacson, 517 F.3d at 137. The evidence here clearly demonstrates that defendants produced equipment based on naval guidelines and specifications. Asbestos was a necessary component of the requested equipment and the evidence supports the conclusion that its inclusion was due to the Navy's demands. Therefore, defendants have shown that they were acting under the color of federal law.

As to the third prong, defendants must assert a colorable federal defense. The Court should rely on each defendant's assertions for the basis of the defense and should not consider whether the defense will ultimately prevail. Willingham, 395 U.S. at 407. For purposes of assessing removeability, the Court must credit a defendant's theory of the case when determining whether a causal connection exists. Jefferson County, 527 U.S. at 432. Liability for a state law tort cannot rest on the design defects of military equipment where the federal government provided "reasonably precise" design specifications, the equipment conformed to those specifications and the supplier warned the Navy of any dangers in the equipment to the extent that the Navy did not already know of such dangers. Boyle v. United Techs. Corp., 487 U.S. 500, 512 (1988).

The defendants' evidence demonstrates (1) that the Navy provided "reasonably precise" specifications and (2) that the equipment conformed to the Navy's specifications as the Navy accepted such equipment. Further, the evidence supports the view that the Navy was aware of the dangers of asbestos and that defendants did not have to warn the Navy of such dangers. In re Agent Orange Prod. Liab.

Litig., 517 F.3d 76, 88 (2d Cir. 2008). Without addressing the merits of the defense, the Court finds that defendants can assert a colorable federal officer defense pursuant to 28 U.S.C. § 1442. Federal jurisdiction over plaintiffs' claims is appropriate.

## CONCLUSION

For the reasons set forth above, plaintiffs' Motion for Remand (Doc. #29) is DENIED.

Dated at Bridgeport, Connecticut, this 27th day of October, 2008.

                                                /s/
                                      Warren W. Eginton
                                      Senior United States District Judge